Jones, J.
The record fairly discloses that the life of the husband was extinguished at the time of the collision, and that the wife survived him for a period of approximately two hours. Evidently this fact was a predicate for the adverse judgments of the courts below. The court of appeals held that the cause of action vested solely in the widow of Fred H. Garrard, and that she having died, after him, without suit commenced on her behalf, the cause of action thereby abated and could not be instituted on behalf of the husband’s parents and next of kin.
This form of action could not be instituted under the common law, and if any remedy exists it must be sought for in the statutes of this state. Section 10770, General Code, provides for a liability against a corporation or person causing the death of another, in all cases where the party injured had the right to m'aintain an action to recover damages if death had not ensued. Section 10772, General Code, provides as follows:
“Such actions shall be for the exclusive benefit of the wife, or husband, and children, or if there be neither of them, then of the parents and next of kin of the person whose death was so caused:
“It must be brought in the name of the personal representative of the deceased person and the jury may give such damages as it may think proportioned to the pecuniary injury resulting from such *215 death, to the persons, respectively, for whose benefit the action was brought.”
The legal phase of the question involved depends upon the construction of the section quoted. In its construction there is no doubt in our mind that the legislative purpose was to provide recovery for the class existing at the time the action is brought. Two classes are provided by that section for whose benefit the suit may be instituted: first, the wife or husband and children; and, second, in lieu of their existence, the action shall be for the exclusive benefit of the parents and next of kin of the deceased.
The view of the court of appeals was “that the cause of action vested solely in the widow.” The statute does not so provide. In fact the statute expressly provides that the right to enforce the liability is lodged in the personal representative of the deceased person. By force of this statute the right to enforce the liability is not placed in the beneficiary. Such being the case, under the explicit language of the section there is no doubt but that the legislative purpose was to provide an existing class thereunder who should respond at the time the personal representative instituted his suit.
This section distinctly provides not only that the action must be brought in the name of the personal representative, but that the jury may give damages to those, “respectively, for whose benefit the action was brought.” While it is not necessary to decide the point in this case a query might well arise whether, even if the action had been brought during the lifetime of the widow, and her death *216 liaving subsequently occurred, the action could not proceed to judgment by substitution of the class succeeding to the rights of the first and favored class; and this view finds support not only in the language of the statute, but also in the case of Doyle, Admx., v. The Baltimore & Ohio Rd. Co., 81 Ohio St., 184. This case is relied upon by counsel for the defendant in error in support of the judgments below. That case differs from the present case in two important particulars. In the first place, in that case, action was actually begun in favor of the favored beneficiary before her death. Here it was not. In the second place, it distinctly appears that after the death of said widow, when the action was pending, there remained to the husband, John H. Doyle, neither children, parents or next of kin, and no “statutory beneficiary for whose behoof the action could be maintained.” It is apparent, therefore, that, had the husband in that case left next of kin for whose benefit action might have been maintained under the statute, the judgment would have been otherwise.
The chief purpose of the wrongful death statute is to provide not only for a survival of the action, but for payment to the beneficiaries named in the statute; and to the class of beneficiaries existing at the time of bringing the action by the personal representative.
Decisions of courts of various states have been brought to our notice; but, since the right to bring this character of action is concededly statutory, and those decisions necessarily depend upon the *217 construction of the statutes specially provided in those states, they are of little assistance. We have no doubt that the Ohio statute requires the construction that we have given it, and since the statute of South Carolina is substantially similar to that of this state we shall allude only to the case of Morris v. Spartanburg Ry., Gas & Elec. Co., 70 S. C, 279, wherein the syllabus and the opinion of Mr. Justice Jones support the construction we have given to the Ohio statute.
The case of Hammond, Admx., v. Lewiston, A. & W. St. Ry. Co., 106 Me., 209, does support the construction claimed by counsel for defendant in error; but we are unable to agree with the principle there announced, that the cause of action vests immediately at the time of the death of the injured party. We think that our statute does not vest the cause of action in any particular class existing at that time, but that the cause of action, or the right to enforce liability, is distinctly vested in the personal representative of the deceased person in behalf of the class existing ydien the right is enforced by suit instituted by such representative.
The judgments of the court of common pleas and the court of appeals are reversed and the cause remanded to the former for further proceeding according to. law.

Judgments reversed.

Nichols, C. J., Matthias, Johnson, Donahue, Wanamaker and Robinson, JJ., concur.